IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,375-01 & -02




EX PARTE CAMERON JARELL SMITH, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 14640 & 14641 IN THE 29TH DISTRICT COURT
FROM PALO PINTO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In Cause No. 14640, Applicant was
convicted of manufacture or delivery of methamphetamine, and his punishment was assessed at forty
years’ imprisonment. In Cause No. 14641, Applicant was convicted of manufacture or delivery of
cocaine, and his punishment was assessed at twenty years’ imprisonment. Applicant’s appeals were
dismissed pursuant to his motions. Smith v. State, Nos. 11-12-00132-CR & 11-12-00133-CR (Tex.
App. — Eastland 2013, no pet.). 
            Applicant contends that the affidavit used to obtain the search warrant was deliberately
falsified by the investigator. In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall hold a live evidentiary hearing to obtain the
testimony of Investigator Sergeant Scott Mitcham. The trial court may also call any other witnesses
it feel necessary to determine the veracity of Applicant’s claim.
            It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel, it shall then determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the affidavit
for a search warrant was deliberately falsified or made with reckless disregard for the truth. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: December 11, 2013
Do not publish